UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JOHN SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00051-TWP-DML |
| | ) | |
| WARDEN FCI Pekin, | ) | |
| ATTORNEY GENERAL OF THE STATE OF | ) | |
| INDIANA, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING MOTION TO PLACE THE MOVANT'S 28 U.S.C. § 2254 PETITION AND PROCEEDINGS IN ABEYANCE, DENYING MOTION TO DISMISS, AND STAYING THE ACTION**

Petitioner John Smith is currently incarcerated in the Federal Correctional Institution - serving a 216 months term of incarceration followed by 8 years of supervised release, which was imposed by the Northern District of Illinois on April 6, 2015, in Case No. 13-CR-863-1. *See* Dkt. 16 at 1. John Smith's petition for a writ of habeas corpus challenges his conviction and 50-year sentence in Dearborn County, Indiana, Case No. 15D02-1402-FA-0006, for conspiracy to commit dealing in narcotic drugs. For the reasons that follow, petitioner John Smith's motion to place the movant's 28 U.S.C. § 2254 petition and proceedings in abeyance, Dkt. [17], is **GRANTED,** and respondent Attorney General of the State of Indiana's motion to dismiss, Dkt. [20], is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

After a jury trial in December 2015, the state trial court sentenced Mr. Smith to fifty years' incarceration to be served consecutively to his federal sentence.

Mr. Smith appealed, arguing that the trial court erred in admitting evidence found during the search of his car and that his sentence was in appropriate. On December 20, 2016, the Indiana

Court of Appeals affirmed the conviction and sentence. *Smith v. State*, 2016 WL 7368020 (Ind., Ct. App. Dec. 20, 2016); Dkt. 20-3. On March 23, 2017, the Indiana Supreme Court denied his petition to transfer.

On March 22, 2018, Mr. Smith filed[1] this petition for a writ of habeas corpus.

The Court notes that the Mr. Smith filed a petition for post-conviction relief, Case No. 15D02-1808-PC-000011, in Dearborn Superior Court 2, on August 6, 2018.

## II. DISCUSSION

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. In Indiana, that means presenting his arguments to the Indiana Supreme Court. *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001).

In his petition, Mr. Smith raises six claims of ineffective assistance of trial counsel and one claim of ineffective assistance of appellate counsel. *See* Dkt. 1 at 5-10, 16-18. Mr. Smith concedes that he has not exhausted his state court remedies as to any of the claims in his petition. *See* Dkt. 1 at 10-11; Dkt. 17. Instead, Mr. Smith asks that the Court stay this § 2254 petition pursuant to *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

"When a district court's order dismissing a petition without prejudice will 'effectively end any chance at federal habeas review,' that is, when there is a substantial risk that it comes too late

---

[1] Mr. Smith's petition was filed with the Court on March 26, 2018, but bears an affidavit of service and mailing of March 22, 2018.

2

for the prisoner to re-file, district courts are to consider whether a stay might be more appropriate than an outright dismissal, regardless of whether the petitioner has made such a request." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008); *see also Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006) ("A district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review.").

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of AEDPA, revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

Mr. Smith's conviction and sentence became final when the time to seek certiorari in the United States Supreme Court expired following his direct appeal. 28 U.S.C. § 2244(d)(1)(A). Because the Indiana Supreme Court denied transfer on March 23, 2017, the time to seek certiorari expired on June 21, 2017. *See* Rule 13 of *Rules of the Supreme Court of the United States*. The one-year period of limitation began running on that date. Mr. Smith's § 2254 petition filed on March 22, 2018, was therefore timely.

However, Mr. Smith did not file a post-conviction petition in state court until August 8, 2018. If the Court dismisses Mr. Smith's § 2254 petition at this time, any subsequent § 2254 petition would be untimely as Mr. Smith's state post-conviction petition was filed just over thirteen

months after his conviction and sentence became final. Accordingly, the Court must consider whether a stay is appropriate.

The Supreme Court has explained that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277. "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. Furthermore, "whenever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action." *Tucker*, 538 F.3d at 735.

There has been little development in the case law as to what constitutes good cause for a failure to exhaust. *See Wilson v. Thurmer*, No. 08-cv-285-bbc, 2008 U.S. Dist. LEXIS 88823, 2008 WL 4762053, at *5 (W.D. Wis. Oct. 29, 2008) (collecting cases). Apart from the Supreme Court's suggestion that "a petitioner's reasonable confusion about whether a state filing would be timely" would constitute good cause for him to file in federal court before exhausting his state court remedies, *Pace v. DiGugliemo*, 544 U.S. 408, 416 (2005), the Supreme Court and Seventh Circuit have not identified the circumstances that would constitute "good cause" for a petitioner's failure to exhaust all of his federal claims in state court.

Here, although Mr. Smith failed to exhaust his claims before filing his federal petition, he submitted his federal petition believing that he had only one day remaining to file his federal

4

petition and shortly thereafter submitted a petition for post-conviction relief in state court. The Court liberally finds Mr. Smith to have shown good cause for his failure to exhaust before bringing his federal petition. Additionally, there is no indication that Mr. Smith has engaged in intentionally dilatory litigation tactics. Finally, it would be premature for the Court to conclude from the limited record before it that Mr. Smith's claims have no potential merit.

### III. CONCLUSION

Accordingly, Mr. Smith's motion to place the movant's 28 U.S.C. § 2254 petition and proceedings in abeyance, Dkt. [17], is **GRANTED.** Respondent Attorney General of the State of Indiana's motion to dismiss, Dkt. [20], is **DENIED.**

The "district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA" and "[a] petition should not be stayed indefinitely." *Rhines*, 544 U.S. at 269. The instant petition is **STAYED** pending exhaustion of petitioner's state remedies with the following conditions: (1) respondent Attorney General of the State of Indiana shall provide a status update **every 90 days** describing the procedural posture of Mr. Smith's pending petition for post-conviction relief in No. 15D02-1808-PC-000011 and of any change from the preceding status update; and (2) after completely exhausting his state court remedies, Mr. Smith has 90 days from the date of the last order from the state courts in which to file a motion in this Court to lift the stay.

The **clerk is directed to administratively close** this case, subject to re-opening by petitioner upon the filing of his motion to lift the stay.

**IT IS SO ORDERED.**

Date: 8/29/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN SMITH
46455-424
PEKIN - FCI
PEKIN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
PEKIN, IL 61555

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov